TRINETTE G. KENT (State Bar No. 025180)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Nitzkin & Associates
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,*
*Nancy Fedri*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nancy Fedri,<br><br>            Plaintiff,<br><br>  vs.<br><br>TRANS UNION, LLC,<br>a Delaware limited liability company,<br>and CHASE BANK USA, NA,<br>a National Association,<br><br>            Defendants. | Case No.:<br><br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

NOW COMES THE PLAINTIFF, NANCY FEDRI, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for her Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §1681, *et seq.*, and 28 U.S.C. §§1331, 1337.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Cave Creek, Maricopa County, Arizona.

4. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

5. The Defendants to this lawsuit are:

   a. Trans Union, LLC ("Trans Union"), which is an Delaware company that maintains a registered agent in Maricopa County, Arizona; and

   b. Chase Bank USA, NA ("Chase"), which is a national association that, upon information and belief, conducts business in Maricopa County, Arizona.

**GENERAL ALLEGATIONS**

6. Chase is currently misreporting its trade line with account number 589001448**** ("Errant Trade Line") on Plaintiff's Trans Union credit file with an erroneous status of "Account 120 days past due."

7. This reporting is false as the mortgage, which is the subject of this trade line, was sold via short sale, and no balance was owed.

8. On or about June 23, 2015, Ms. Fedri obtained her Trans Union credit file. At that time, Ms. Fedri noticed that the Errant Trade Line was reported as "collection/charge-off." The "collection/charge-off" language was making it appear as if Ms. Fedri currently owed money regarding the Errant Trade Line.

9. On or about July 9, 2015, Ms. Fedri submitted a letter to Trans Union, disputing the Errant Trade Line.

10. Upon information and belief, Defendant Trans Union forwarded Ms. Fedri's dispute to Defendant Chase.

11. On or about July 23, 2015, Ms. Fedri received Trans Union's results of the investigation, which showed that Chase changed the erroneous "collection/charge-off" language and instead reported the Errant Trade Line with a pay status of "Account 120 days past due." The "Account 120 days past due" language is also erroneous as it continues to convey that money is currently owed on the Errant Trade Line when, in fact, it is not.

# COUNT I
# NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CHASE

12. Plaintiff re-alleges the above paragraphs as if recited verbatim.

13. After being informed by Trans Union of the Plaintiff's consumer dispute regarding the Errant Trade Line, Chase negligently failed to conduct a proper investigation of the Plaintiff's dispute as required by 15 USC 1681s-2(b).

14. Chase negligently failed to review all relevant information available to it and provided by Trans Union in conducting its investigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Trans Union to remove the language indicating that she currently owed a balance on the Errant Trade Line.

15. The Errant Trade Line is inaccurate and creating a misleading impression on Ms. Fedri's consumer credit file with Trans Union to which it is reporting such trade line.

16. As a direct and proximate cause of Chase's negligent failure to perform its duties under the FCRA, Ms. Fedri has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

17. Chase is liable to Ms. Fedri by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with reasonable attorneys' fees pursuant to 15 USC 1681o.

18. Ms. Fedri has a private right of action to assert claims against Chase arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Chase for damages, costs, interest, and attorneys' fees.

## COUNT II
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CHASE

19. Plaintiff re-alleges the above paragraphs as if recited verbatim.

20. After being informed by Trans Union that Ms. Fedri disputed the accuracy of the information it was providing, Chase willfully failed to conduct a proper reinvestigation of Ms. Fedri's dispute.

21. Chase willfully failed to review all relevant information available to it and provided by Trans Union as required by 15 USC 1681s-2(b).

22. As a direct and proximate cause of Chase's willful failure to perform its respective duties under the FCRA, Ms. Fedri has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

23. Chase is liable to Ms. Fedri for either statutory damages or actual damages that she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that she may recover therefore pursuant to 15 USC 1681n.

**1 2 3 4**  WHEREFORE, PLAINTIFF PRAYS that this court grant her a judgment against Chase for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

24. Plaintiff re-alleges the above paragraphs as if recited verbatim.

25. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Fedri as that term is defined in 15 USC 1681a.

26. Such reports contained information about Ms. Fedri that was false, misleading, and inaccurate.

27. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Fedri, in violation of 15 USC 1681e(b).

28. After receiving Ms. Fedri's consumer dispute to the Errant Trade Line, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

29. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Ms. Fedri has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

30. Trans Union is liable to Ms. Fedri by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

### COUNT IV
### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

31. Plaintiff re-alleges the above paragraphs as if recited verbatim.

32. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Ms. Fedri as that term is defined in 15 USC 1681a.

33. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

34. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Ms. Fedri, in violation of 15 USC 1681e(b).

35. After receiving Ms. Fedri's consumer dispute to the Errant Trade Line, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

36. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Ms. Fedri has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

37. Trans Union is liable to Ms. Fedri by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

### JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: September 30, 2015                NITZKIN & ASSOCIATES

By: ___/s/ *Trinette G. Kent*___
Trinette G. Kent
Attorneys for Plaintiff,
Nancy Fedri

8

Case 2:15-cv-01952-GMS   Document 1   Filed 09/30/15   Page 9 of 9